**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**NATHANIEL E. BOSTIC,**

              **Plaintiff,**

   **v.**                                      **9:99-CV-372**
                                                      **(GLS/DRH)**

**DAVID E. HARDER et. al,**

              **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

True, Walsh Law Firm                   ADAM R. SCHAYE, ESQ.
*Pro Bono* Trial Counsel
The Commons
950 Danby Road
Suite 310
Ithaca, New York 14850

Nathaniel E. Bostic
414 Baltic Street
Apt. 10C
Brooklyn, New York 11217

**FOR DEFENDANTS:**

Broome County Attorney's Office       AARON J. MARCUS, ESQ.
Edwin L. Crawford County Office Building
P.O. Box 1766
Binghamton, New York 13902-2117

**Gary L. Sharpe**

1

**U.S. District Judge**

## Decision and Order

Before the court is the *pro se* letter-motion of plaintiff, Nathaniel E. Bostic, seeking to amend his complaint and to discharge Adam R. Schaye, Esq., his court appointed *pro bono* trial counsel.  *See Dkt. No. 102*.

After Bostick filed this *pro se* prisoner action in 1999, various scheduling orders were issued setting deadlines for motions to amend pleadings, and Bostic has already amended his complaint in compliance with those orders.  *See Dkt. Nos. 26-27, 29, 31*.  All amendment deadlines have long since expired, and the case has been marked trial ready since 2003.  Trial delays have been occasioned by Bostic's re-incarceration and his unavailability for trial.

Since 1999, Bostic sought appointment of counsel on numerous occasions.  *See Dkt. Nos. 5, 10, 49, 53*.  When the case was marked trial ready in 2003, and at Bostic's request, Stacy Whitney, Esq., was appointed to represent him as *pro bono* trial counsel.  *See Dkt. No. 67*.  When difficulties arose between Ms. Whitney and Bostick, she was relieved of the assignment, and Adam R. Schaye, Esq., was appointed as trial counsel. On January 14, 2005, Schaye sought to be relieved from his assignment

2

because Bostic again alleged difficulties in the attorney-client relationship. *See Dkt. Nos. 93-95.* After the court's intercession, Bostic urged the court to continue Schaye's representation, *see Dkt. No. 99*, and Schaye sought to impress upon Bostic that he had been appointed as trial counsel only. *See Dkt. No. 100.* Bostic has now submitted the letter-motion again seeking to discharge Schaye due to "personal incompatibilities," and indicates that he would like to represent himself *pro se* until he retains new counsel. *See Dkt. No. 102*.

Despite the prior admonitions of at least two federal judges, the limiting language in the orders appointing *pro bono* trial counsel, and the advice of at least two attorneys, Mr. Bostic remains oblivious to the fact that the attorneys were appointed for the limited purpose of prosecuting his case *at trial*. They were not retained by Bostic nor ordered by the court to cater to his whims. Furthermore, there is no right, embodied in either the Constitution or a federal statute, mandating appointment of counsel in *pro se* civil cases. The *pro bono* panel of attorneys in this district provides a tremendous service to indigent litigants and the court. Notwithstanding, the trial counsel appointment order is specifically designed to eliminate discord frequently generated by the strident demands of litigants of "free lawyers."

3

Bostic requests that the court issue an order discharging Schaye, and requests permission to represent himself *until* he retains private counsel.  Obviously, Bostic has the absolute right to prosecute his case *pro se*.  *See*  28 U.S.C. § 1654; *Tindall v. Poultney High School District*, 414 F.3d 281 (2d Cir. 2005); *Machadio v. Apfel*, 276 F.3d 103 (2d Cir. 2002).  However, he has no right to the appointment of free counsel, and by his behavior, he has now forfeited any future consideration in that regard.  Therefore, the court grants his motion to discharge Mr. Schaye, grants his motion to proceed *pro se*, and warns him that unless he intends to prosecute the trial *pro se*, he **must** retain private counsel to represent him.

Accordingly, and for the reasons stated, it is hereby

**ORDERED** that the letter-motion (*Dkt. No. 102*) of Nathaniel E. Bostic to amend his complaint is **DENIED**, and it is further

**ORDERED** that the letter-motion (*Dkt. No. 102*) of Nathaniel E. Bostic to discharge Adam R. Schaye, Esq., as trial counsel is **GRANTED**, and it is further

**ORDERED** that Nathaniel E. Bostic **SHALL** prosecute his civil action *pro se* **UNLESS** he retains private counsel to represent him, and said counsel files a notice of appearance on his behalf according to the rule of

4

this court, and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this order on defense counsel, Adam R. Schaye, Esq., and Nathaniel E. Bostic at his last known address.

**SO ORDERED.**

January 10, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge

5